**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN MANUEL ROJAS, | No. 11-55270 |
| Petitioner - Appellee, | D.C. No. 2:06-cv-05469-DDP-JWJ |
| v. | |
| RICHARD J. KIRKLAND, Warden, | MEMORANDUM* |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted April 13, 2012
Pasadena, California

Before: SILVERMAN and RAWLINSON, Circuit Judges, and TUNHEIM,
District Judge.**

A State of California warden appeals the district court's grant of Juan M.

Rojas's 28 U.S.C. § 2254 petition for writ of habeas corpus. A jury convicted

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable John R. Tunheim, District Judge for the District of
Minnesota, sitting by designation.

Rojas of attempted murder and two counts of carjacking, and found that he had used a handgun in the commission of the crimes. Rojas was sentenced to life imprisonment plus an additional 22 years and 4 months. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We reverse.

The State argues that a reasonable basis existed for the California Supreme Court's denial of Rojas's Confrontation Clause claim—that under *Crawford v. Washington*, 541 U.S. 36 (2004)*,* and *Davis v. Washington*, 547 U.S. 813 (2006), Jacob Ochoa's statements identifying Rojas were nontestimonial. We agree. Ochoa called 911 to report that Rojas had just attempted to shoot him in the face, stole his car, and remained near the scene of the crime. Because reasonable jurists could find that the purpose of the statements was to resolve an ongoing emergency, and that, therefore, their admission did not violate the Confrontation Clause, habeas relief is precluded under the Antiterrorism and Effective Death Penalty Act of 1996. *See Michigan v. Bryant*, 131 S. Ct. 1143, 1166–67 (2011) (holding that the admission of a victim's statement to police did not violate the Confrontation Clause where its primary purpose was to enable police to meet an ongoing emergency); *Davis*, 547 U.S. at 822.

**REVERSED**.